UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-436-JBC**

**VERNON GREG SMITH,**                                                      **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**CATERPILLAR, INC., ET AL.,**                                      **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's motion for relief pursuant to Fed. R. Civ. P. 59(e) (DE 70). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

This action involves the plaintiff's claims against his former employer, Caterpillar, Inc., and several of its employees for wrongful discharge, breach of contract, and tortious interference with his employment contract. On January 8, 2007, the court granted the defendants' motion for summary judgment on all of the plaintiff's claims and entered judgment in favor of the defendants. The court also denied the plaintiff's motion for a hearing and his motion to amend his complaint. The plaintiff now asks the court to reconsider these decisions.

In order to succeed on a motion for reconsideration, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that absent relief, a manifest injustice will result. *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Sault Ste. Marie Tribe of Chippewa Indians v.*

*Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Such motions are not an opportunity for the losing party to offer additional arguments in support of its position.  *Engler*, 146 F.3d at 374; *see also Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003) (stating that motions under Rules 59 or 60 of the Federal Rules of Civil Procedure do not provide "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed").

For the most part, the plaintiff's motion for relief merely rehashes arguments that have already been heard and rejected by the court.  However, the plaintiff also argues that the court erroneously found that he "was the one who started and cause [sic]" the argument between the plaintiff and Alan Shepherd that occurred on September 15, 2000.  DE 70, at 1.  The court does not believe the Memorandum Opinion and Order entered on January 8, 2007, has the meaning the plaintiff ascribes to it.  Further, the court's reasons for granting the defendant's motion for summary judgment did not depend on who started the dispute between the plaintiff and Shepherd.  Thus, even viewing the facts in the light most favorable to the plaintiff, he is not entitled to relief under Rule 59(e) on this issue.

The plaintiff also claims that this court's ruling constitutes retaliation against him because of an earlier suit he filed against Terry McBrayer.  As the plaintiff provides no support for this argument, the court will reject it.

Finally, the plaintiff alleges that the court improperly denied his motion to

amend his complaint. In support, the plaintiff contends that he had some difficulty interpreting the law underlying his tortious interference claim and that the court should have permitted him to amend his complaint in the interests of justice. The court clearly stated its reasons for denying this motion in its January 8, 2007, Memorandum Opinion and Order, and the plaintiff has presented no compelling reason for the court to upset that ruling. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for relief pursuant to Fed. R. Civ. P. 59(e) (DE 70) is **DENIED**.

Signed on February 13, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY